UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDDIE MOISE,

                  Petitioner,

          -against-

LEROY FIELDS,

                  Respondent.

19-CV-11964 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Petitioner, currently incarcerated at Fishkill Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in which he challenges his May 28, 2014 judgment of conviction in the New York Supreme Court, New York County. On April 9, 2020, the Court received Petitioner's $5.00 filing fee.

The Court directs Petitioner to file a declaration within sixty days of the date of this order showing cause why the Court should not deny the petition as time-barred.

## DISCUSSION

A.    **Statute of Limitations**

Petitioner's petition may be time-barred. A prisoner seeking *habeas* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d).

Petitioner alleges that on May 28, 2014, he was convicted in the New York Supreme Court, New York County. Court records indicate that on November 15, 2016, the New York

Supreme Court Appellate Division, First Department, affirmed the conviction, *see People v. Moise*, 144 A.D.3d 491 (1st Dep't 2016), and that the New York Court of Appeals denied leave to appeal on January 18, 2017, *see* 28 N.Y.3d 1148 (2017). Petitioner's conviction consequently became final on April 28, 2017, following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States," *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). Petitioner then had one year from that date to file his petition. Petitioner placed this petition in the prison mail collection box on December 10, 2019, well after the one-year limitations period expired.

When postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. *See* § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

Here, Petitioner alleges that on September 9, 2018, he filed a motion to vacate his judgment under N.Y. C.P.L. § 440.10. But this motion was filed after the one-year limitations period expired; therefore, it does not appear to toll the limitations period. *See* § 2244(d)(2).

**B.    Leave to File Declaration**

The Court therefore directs Petitioner to file a declaration within sixty days of the date of this order stating why this petition should not be denied as time-barred.[1] Petitioner should allege

---

[1] Petitioner should also include in the declaration a listing of (1) the dates that all postconviction applications in state court challenging this conviction were filed, including any

any facts showing that he has been pursuing his rights diligently and that some extraordinary

circumstance prevented him from timely submitting this petition. *See Holland v. Florida*, 560

U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for *habeas*

*corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

## CONCLUSION

Chambers will mail a copy of this order to Petitioner.

The Court grants Petitioner leave to file a declaration within sixty days of the date of this

order showing why the Court should deny the petition as time barred. A declaration form is

attached to this order. If Petitioner timely files a declaration, the Court shall review it, and if

proper, shall order the Respondent to answer. If Petitioner fails to comply with this order within

the time allowed, and cannot show good cause to excuse such failure, the Court will deny the

petition as time-barred. No answer shall be required at this time.

---

petition for a writ of error *coram nobis*, all motions under N.Y. Crim. Proc. L. § 440, and any
other postconviction applications, (2) when any postconviction applications were decided, (3) the
dates that any appeals or applications for leave to appeal from those decisions were filed,
(4) when those appeals or applications were decided, and (5) when Petitioner received notice of
any state-court decisions on those applications and appeals. *See* 28 U.S.C. § 2244(d)(2).

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated:   April 17, 2020
         New York, New York

_Louis L. Stanton_
         Louis L. Stanton
         U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

                    -against-                              Case No. _____ CV _____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

  Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
  Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

  In the space below, describe any facts that are relevant to the motion or that respond to a court
  order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                           Signature

_____             _____

Name                                         Prison Identification # (if incarcerated)

_____             _____     _____     _____

Address                            City              State      Zip Code

_____             _____

Telephone Number (if available)             E-mail Address (if available)