```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
EDDIE MOISE,                                               :
                                                           :
                                  Petitioner,              :
                                                           :        19-CV-11964 (VSB) (RWL)
                    -v-                                    :
                                                           :        OPINION & ORDER
                                                           :
LEROY FIELDS, Superintendent of Fishkill                   :
Correctional Facility,                                     :
                                                           :
                                  Respondent.              :
-----------------------------------------------------------X
```

Appearances:

Eddie Moise
Fishkill Correctional Facility
Beacon, New York
*Pro Se Petitioner*

Michelle Elaine Maerov
New York State Attorney General's Office
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Before me is the September 20, 2021 Report and Recommendation ("Report" or "R&R," Doc. 36) of Magistrate Judge Robert W. Lehrburger, recommending that the petition for habeas corpus filed by Eddie Moise ("Petitioner") be dismissed as barred by the statute of limitations. (*Id*.) Because I find no error in the Report, I adopt the Report in its entirety.

    **I.**    **Background**[1]

      On May 17, 2011, Petitioner was convicted in a New York jury trial of criminal possession of a weapon in the second degree, criminal sale of a firearm in the third degree, and

---

[1] A more complete factual and procedural history is thoroughly set out in the Report, familiarity with which is

1

unlawful possession of ammunition.  (Doc. 13.)  The appellate court reversed Petitioner's conviction because his right to a public trial had been violated.  (*Id.*)  Petitioner's new trial began on April 7, 2014, and he was again found guilty on all three counts.  (*Id.*)  The trial court sentenced Petitioner to fifteen years in prison.  (*Id.*)

Petitioner filed his petition for writ of habeas corpus on December 10, 2019, pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  On April 17, 2020, then Chief Judge Colleen McMahon ordered Petitioner to show cause why his habeas petition should not be dismissed after his failure to comply with the one-year statute of limitations period under 28 U.S.C. § 2254.  (Doc. 8.)  Petitioner responded arguing that his filing was timely due to statutory tolling of the limitations period and, nonetheless, he was actually innocent and the statute of limitations did not apply.  (Doc. 10.)

On November 5, 2020, Petitioner filed an amended petition that advanced four grounds for habeas relief:  (1) the state court lacked jurisdiction because the prosecution used a gun that had been seized on August 25, 2010 to prosecute Petitioner for selling a gun on September 10, 2010; (2) the prosecution engaged in misconduct in that the prosecutor knowingly used a firearm from an uncharged crime; (3) the jury was not comprised of impartial jurors; and (4) Petitioner is actually innocent in that he could not have sold a gun on September 10, 2010, that was in police custody on August 25, 2010.  (Doc. 13.)

On December 8, 2020, this case was reassigned to me.  On December 9, 2020, I referred the case to Magistrate Judge Lehrburger.  (Doc. 16.)  On May 12, 2021, Leroy Fields, the Superintendent of Fishkill Correctional Facility ("Respondent"), filed a motion to dismiss, asserting that the one-year statute of limitations expired on April 18, 2018 and Petitioner did not

---

assumed.

file his habeas petition until December 10, 2019.  (Doc. 25.)  Respondent further argued that Petitioner did not properly file a motion pursuant to N.Y. C.P.L. § 440.10 or state habeas petition to toll the statute of limitations, and there is no new evidence to support the actual innocence exception to the time bar.  (*Id.*)  Petitioner filed several letters in opposition, (Docs. 30, 32–34), and Respondent did not file a reply.

On September 20, 2021, Magistrate Judge Lehrburger issued his Report.  (R&R.)  The Report recommends the petition for habeas corpus be dismissed as barred by the statute of limitations.  (*Id.*)  Magistrate Judge Lehrburger ordered that Petitioner had fourteen days from the date of the Report to file written objections.  (*Id.*)  On September 27, 2021, Petitioner requested a fourteen-day extension to submit his objections, but indicated he "strongly object[s] to almost everything in the Report & Recommendation."  (Doc. 38.)  Magistrate Judge Lehrburger granted Petitioner's request on October 7, 2021, and then sua sponte extended the time to file objections on October 21, 2021.  (Docs. 39, 41.)  On November 4, 2021, Petitioner filed his objections to the Report.  (P.'s Obs.)[2]

**II.    Legal Standard**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  When a party submits a timely, specific objection, a district court reviews de novo the parts of the report and recommendation to which the party objected.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).  "The objection must be 'specific and clearly aimed at particular findings' in the [report and recommendation]."  *Bussey v. Rock*, No. 12-CV-8267 (NSR) (JCM), 2016 WL 7189847, at *2

---

[2] "P.'s Obs." refers to Petitioner's objections filed on November 4, 2021.  (Doc. 42.)  Petitioner's objections to the Report are dated October 3, 2021.  (*Id.*)  Based on the date of the objections and the delays to pro se filing caused by the COVID-19 pandemic, it appears that Petitioner mailed the objections well before the deadline, and I accept the objections as timely filed.

(S.D.N.Y. Dec. 8, 2016) (quoting *Molefe v. KLM Royal Dutch Airlines,* 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).  With regard to a report and recommendation that is not objected to, or the unobjected-to portions of a report and recommendation, a district court reviews the report and recommendation, or the unobjected-to portion thereof, for clear error.  *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  Further, when a party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation only for clear error.  *See Pearson–Fraser v. Bell Atl.*, No. 01-CV-2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003).  Under the clear error standard of review, "so long as there is a basis in the evidence for a challenged inference, [the court] do[es] not question whether a different inference was available or more likely."  *United States v. Freeman*, 443 F. App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).

### III. Discussion

Petitioner argues in his objections that (1) the Report unreasonably applied facts and law to find the petition time-barred and (2) the Report unreasonably concluded that the "new evidence"—concerning the errors at trial about when the gun was sold and when it was in police custody—did not satisfy that Petitioner was actually innocent.  (P.'s Obs.)

#### A. *The Statute of Limitations*

Petitioner objects to the Report's finding on the statute of limitations issue for the following reasons:  (1) the Report unreasonably applied facts and law in that it did not consider whether Petitioner's delivery of his petition to the court satisfied the "mailbox rule" for the purpose of tolling the statute of limitations; (2) the Report unreasonably found that Petitioner's

4

filing of the state habeas petition did not toll the statute of limitations; and (3) the Report referred to "Rodriguez" rather than "Moise" when discussing Petitioner's failure to seek certiorari following the New York Court of Appeals' denial of Petitioner's motion for leave to appeal. (P.'s Obs., at 2–3.)

Petitioner does not elaborate on exactly what he means by the "mailbox rule" in this context, but I infer Petitioner means that I should deem his § 440 motion as filed when he purportedly "dropped" it in the mail on "Monday April 30," thus tolling the statute of limitations. This argument is not new, and simply reiterates his original arguments to the Magistrate Judge. (*See* Doc. 13, at 14.) I therefore review this objection for clear error. *See Pearson–Fraser,* 2003 WL 43367 at *1.

Only a "properly filed" collateral challenge to a judgment can toll the statute of limitations. 28 U.S.C. § 2244(d)(2). As the Report demonstrates, even if Petitioner submitted the motion on April 30, 2018, the package was returned because it did not have proper postage. (Doc. 10, at 3.) Petitioner then resubmitted the package, but it was returned again due to his failure to notarize it. (Doc. 13, at 49.) In other words, these two attempts did not result in the motion being filed. Petitioner did not properly file his § 440 motion until January 15, 2019, more than eight months after the limitations period expired. (Maerov Decl. Ex. C.) Petitioner then attempted to file a state habeas motion, but was unsuccessful because Elmira Correctional Facility was locked down and he could not find a notary. (Doc. 10, at 5.) He did not properly file his state habeas petition until September 2018, more than four months after the limitations period expired. (*Id*.) I find that the evidence supports the Report's conclusion that none of Petitioner's actions tolled the statute of limitations period, *see Freeman*, 443 F. App'x at 666, and therefore do not find clear error.

On this same point of timeliness, Petitioner points out that the Report referred to "Rodriguez" rather than "Moise" at page 10 in its discussion of the limitations period. (P.'s Obs., at 3.) Petitioner asserts that the Report's "erroneous appellation to ('Rodriguez') has no bearing on Petitioner ('Moise') was misleading for the purpose of 28 U.S.C. § 2241(d)(1)." (*Id*.) Petitioner does not explain any reason and I cannot discern why this likely typographical error in the Report was "misleading" or had any effect on the outcome of the Report. As with Petitioner's first objection, I review this conclusory and general objection for clear error. *See Pearson–Fraser,* 2003 WL 43367 at *1.

The Report refers to Petitioner as "Rodriguez" in discussing Petitioner's failure to seek a petition for certiorari. (R&R, at 10.) The Report then states that Petitioner's conviction thus became final ninety days after the New York Court of Appeals denied his leave for appeal, on April 18, 2017. (*Id*.) The misnaming of Petitioner does not change the Magistrate Judge's analysis, nor does it change the underlying facts. Petitioner does not contest that the Report states incorrect information about the procedural history in his case or that it mischaracterizes his failure to file a petition of certiorari. Petitioner cannot make such an argument because the facts in the Report remain true, regardless of whether the Magistrate Judge misnamed him. Petitioner did not seek Supreme Court review and so his conviction became final on April 18, 2017, thus commencing the one-year limitations period that ran until April 18, 2018. (Maerov Decl. Ex. A.) Petitioner did not file his habeas petition until December 10, 2019. (Doc. 1.) For these reasons, I find that Judge Lehrburger's misnaming Petitioner did not have a substantive impact on the Report and does not constitute clear error.

### B. *Petitioner's Actual Innocence*

Petitioner objects to the Report's conclusion that he cannot establish actual innocence. (P.'s Obs., at 4.) Petitioner relies on the prosecution's presentation of the incorrect date of the charged crime, which Respondent alleged was simply an inadvertent typographical error and was accurately presented in rebuttal evidence. (*Id*.) To further this point, Petitioner argues that the evidence of the error is new because the accurate date of the crime was never presented to the jury. (*Id*.) This argument is again a reiteration of Petitioner's original argument already presented to the Magistrate Judge Lehrburger. (*See* Doc. 30, at 2–5.) I therefore review it for clear error.

According to the Report, the evidence related to the date of the crime was not new because Petitioner had presented it in his § 440 motion, that Petitioner had not proffered any evidence to show that the error was due to anything other than a typographical mistake, and the evidence he presented in the form of civil rights lawsuits had no relation to his case. (R&R, at 18–19.) The Report's conclusion that the evidence is not new and did not come anywhere near the threshold of "credible" and "compelling" to prove actual innocence is based in evidence and law, and I will not question whether a different inference was possible or likely. *See Freeman*, 443 F. App'x at 666. I find no clear error.

### C. *Other Findings and Conclusions of the Report*

Petitioner does not object to any other points in the Report, so I review the remainder of the Report for clear error. I have reviewed the remainder of the Report for clear error and find none.

## IV. Conclusion

For the reasons stated above, I find that the arguments made by Petitioner in his objections to Magistrate Judge Lehrburger's Report do not demonstrate clear error. I also find no clear error with regard to the portions of the Report to which no objections were made. Therefore, I ADOPT the well-reasoned Report and Recommendation in its entirety. Respondent's motion to dismiss is GRANTED.

The Clerk of Court is respectfully directed to terminate the motion at Doc. 25 and close this case.

SO ORDERED.

Dated: December 29, 2021
      New York, New York

*[signature]*

Vernon S. Broderick
United States District Judge